UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALYN STEPHENS,

                  Plaintiff,

-against-

SULLIVAN & CROMWELL LLP, et al.,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/09/2015

15 Civ. 1251 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, United States District Judge:

       Plaintiff, who is an attorney appearing pro se, brings this action asserting forty-three purported causes of action, including claims of employment discrimination. Plaintiff paid the requisite filing fees to file this action. Plaintiff's claims against (i) the New York State Supreme Court, (ii) the New York State Supreme Court, Appellate Division, (iii) Justice Louis York,[1] (iv) Norman Goodman, (v) Helen Muller, and (vi) Susanna Rojas are dismissed sua sponte with prejudice. Plaintiff is directed to show cause why the remainder of her claims should not be dismissed with prejudice under the doctrines of qualified immunity and claim preclusion and under the absolute litigation privilege.

**I.    Background**

       Plaintiff, a former contract attorney for Defendant Sullivan & Cromwell LLP ("S&C") from June 2004 to July 2010, brings this action alleging, among other things, discrimination on the basis of "Religion, Sex, and Race and for Retaliation, Breach of Contract, Fraud, Intentional Infliction of Emotional Distress, and Defamation of Character."

---

[1] Plaintiff names "Judge Louis York," apparently referring to the late New York State Supreme Court Justice Louis York.

In 2013, Plaintiff commenced a separate action in New York State Supreme Court, New York County, against Defendants S&C, Legal Options Inc. ("Legal Options"), Caplan & Ross LLP ("C&R"), the New York City Commission on Human Rights ("NYCCHR"), 29 named individual Defendants, and 50 Doe Defendants, alleging various forms of employment discrimination. Plaintiff's state-court complaint, which was 413 pages long, consisting of 1,899 paragraphs alleging discrimination, was dismissed by judgment dated April 11, 2014, and entered on April 18, 2014. That judgment noted explicitly that the complaint was "dismissed on the merits." Plaintiff filed an appeal, her appeal was dismissed, and her time to file any further appeal has expired.

In August 2014, Plaintiff commenced this action in the United States District Court for the Northern District of Georgia, Atlanta Division. In December 2014, Defendants S&C, Paul Hastings LLP ("Paul Hastings"), Patrick Shea, Legal Options, C&R, Brian Caplan, and Jonathan Ross, filed motions to dismiss this action because, inter alia, the Complaint was barred by res judicata. The Northern District of Georgia then transferred the case to this Court.

Plaintiff's Complaint in this action is 612 pages long and includes nearly 2,300 allegations and over 150 exhibits. Except for minor word changes, every allegation in Plaintiff's state-court complaint is contained in her Complaint in this action. In addition to those allegations, Plaintiff now complains about the proceedings in state court, including the actions of the judge, clerks of court, chambers staff, court reporters, and the attorneys for the defendants in those proceedings.

**II.     Standard of Review**

A court has the authority to dismiss a frivolous complaint sua sponte, even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam). A claim is "frivolous when either: (1) the factual contentions

are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotation marks omitted). The Court is ordinarily obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), but this special solicitude is not extended to an attorney representing herself, *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001).

## III. Discussion

### A. Eleventh Amendment

Plaintiff's claims against the New York State Supreme Court and the New York State Supreme Court, Appellate Division, are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and brackets omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation and internal quotation marks omitted). The New York State Unified Court System "is unquestionably an 'arm of the state,' and is entitled to Eleventh Amendment immunity." *Id.* at 368 (internal citation omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983 or any other statute that Plaintiff cites in her Complaint. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's claims against these Defendants are therefore barred by the Eleventh Amendment and are dismissed.

### B. Judicial Immunity

Plaintiff's claims against Justice York are barred by judicial immunity. Judges are absolutely immune from suit for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); *see also Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978) ("[J]udges . . . are not liable . . . for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (citation and internal quotation marks omitted)); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (holding that judicial immunity applies under § 1983). "Without insulation from liability, judges would be subject to harassment and intimidation and would thus lose that independence without which no judiciary can either be respectable or useful." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citation and internal quotation marks omitted). Because "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," *Stump*, 435 U.S. at 356, immunity is inapplicable in only two sets of circumstances: first, where the judge's actions are "non-judicial," *i.e.*, acts not normally performed in a judicial capacity, or, second, where the judge's actions are in the complete absence of jurisdiction, *Mireles*, 502 U.S. at 11-12.

Plaintiff's allegations against Justice York involve actions that he took in his judicial capacity in Plaintiff's state-court proceedings. Plaintiff's claims against the late Justice York are therefore dismissed under the doctrine of judicial immunity and as frivolous. *See, e.g.*, *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam).

### C. Extension of Judicial Immunity

Plaintiff's claims against the following Defendants must also be dismissed: Norman Goodman, the New York County Clerk; Helen Muller, a member of Justice York's staff; and Susanna Rojas, the Clerk of the Court for the New York Supreme Court, Appellate Division, First Department. The doctrine of judicial immunity extends absolute immunity to "certain others who perform functions closely associated with the judicial process," *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), including law clerks and court clerks, *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988). Because Plaintiff's allegations against these Defendants all relate to their performance of their official duties as employees of the New York State Supreme Court and Appellate Division, Plaintiff's claims against these Defendants are dismissed based on the doctrine of absolute immunity.

### D. Qualified Immunity

Plaintiff's claims against court reporters Robert Portas, Anne Marie Scribano, and Gloria Brandon appear to be barred by the doctrine of qualified immunity, but are not dismissed at this time, subject to a showing by Plaintiff why they should not be dismissed. Under the doctrine of qualified immunity, court reporters are shielded from suit for civil damages as long as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *See Antoine v. Byers & Anderson Inc.*, 508 U.S. 429 (1993); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (discussing standard for establishing qualified immunity); *Green v. Maraio*, 722 F.2d 1013, 1019 (2d Cir. 1983).

Plaintiff does not assert any facts that suggest that these court reporters' conduct violated any of Plaintiff's clearly established statutory or constitutional rights. The Complaint alleges, among other things, that their transcriptions of court proceedings were inaccurate, but there is no clearly established right to an absolutely accurate transcript. *See Curro v. Watson,* 884 F. Supp.

5

708, 720-23 (E.D.N.Y. 1995), *aff'd*, 100 F.3d 942 (2d Cir. 1996); *see also Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y. 1983) ("No constitutional or federal statutory right exists to an absolutely accurate trial transcript."). Plaintiff also does not allege that she attempted to avail herself of any procedure to have the allegedly erroneous transcripts corrected, or that she raised the issue on appeal. Nothing that she alleges suggests that the outcome of the proceedings would have been any different if the court proceedings at issue -- conferences and motion hearings -- had been transcribed in the manner she desired. Plaintiff's claims against Portas, Scribano, and Brandon, therefore, appear to be dismissible on the basis of qualified immunity. *See, e.g.*, *Green*, 722 F.2d at 1019 (affirming dismissal of claims against court reporter on basis of qualified immunity, and noting that "allowing . . . dismissal whenever the basis for finding qualified immunity applicable is established by the complaint itself permit[s] [i]nsubstantial lawsuits [to] be quickly terminated." (quoting *Harlow*, 457 U.S. at 814) (internal quotation marks omitted)).

### E. Claim Preclusion

Plaintiff's claims against the Defendants who were parties to the prior action appear to be barred by the doctrine of claim preclusion. "Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action to support [a subsequent civil] action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (citation and internal quotation marks omitted) (first alteration in original). An action is barred by claim preclusion when: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "This principle prevents a plaintiff

from litigating claims that were or could have been raised in a prior action against the same defendant." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam).

Here, Defendants who were parties to the prior action are: S&C; Legal Options; NYCCHR; Carlos Velez; C&R; Brian Caplan; and Doe Defendants 1-50.[2] Plaintiff's voluminous Complaint and exhibits reference the prior action and make clear that she now brings claims against individuals and entities that were -- or could have been -- raised in the prior action. *See Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 398 (2d Cir. 2003). Therefore, Plaintiff's claims against these Defendants in the current action are barred by the doctrine of claim preclusion unless Plaintiff shows cause why these claims should not be dismissed.

### F.  Absolute Litigation Privilege

Plaintiff's claims against attorneys for Defendants in the state-court action appear to be barred under New York law by the absolute litigation privilege.[3] Under New York law, statements made by parties and their attorneys in the context of litigation "are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995), *aff'd in part*, 101 F.3d 1479 (2d Cir. 1996). The test for absolute privilege is broad and "embraces anything that may possibly or

---

[2] Plaintiff's allegations against Doe Defendants 1-50 are so vague that, even if not barred by claim preclusion, claims against them should be dismissed for (1) failing to meet basic pleading requirements and/or (2) under one of the other categories listed in this Opinion. The Complaint alleges that each Doe Defendant "is in some manner responsible for the events and occurrences herein . . . ."

[3] The three motions to dismiss filed in this action assert the absolute litigation privilege. To date, Plaintiff has not filed any responses to the motions. Although Defendants New York City Office of Corporation Counsel and Amy Okereke, who appeared on behalf of the City in the prior action, have not filed any similar motions, the absolute litigation privilege would also protect them against claims that are based on their statements as attorneys in that matter.

plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id*. (citation omitted).

Plaintiff's claims against the following attorneys for Defendants in the state-court action are based entirely on their actions as attorneys in that matter: Paul Hastings; Patrick Shea; the New York City Office of Corporation Counsel; Amy Okereke; C&R; Brian Caplan; and Jonathan Ross. Accordingly, it appears that Plaintiff's claims against these Defendants are likely barred by the absolute litigation privilege, and in any event, there does not seem to be any legal basis for them.

### G. Notice and Opportunity to be Heard

A pro se litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore directs Plaintiff to demonstrate that her claims against: (1) Robert Portas, Anne Marie Scribano, and Gloria Brandon are not barred by the doctrine of qualified immunity; (2) S&C, Legal Options, NYCCHR, Carlos Velez, C&R, and Brian Caplan are not barred by the doctrine of claim preclusion; (3) Paul Hastings, Patrick Shea, the New York City Office of Corporation Counsel, Amy Okereke, C&R, Brian Caplan, and Jonathan Ross are not barred by the absolute litigation privilege; and (4) Doe Defendants 1-50 are not barred by any of the categories listed in this Opinion or for failure to meet basic pleading requirements.

## IV.     Conclusion

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  Plaintiff's claims against (i) the New York State Supreme Court, (ii) the New York State Supreme Court, Appellate Division, (iii) Justice Louis York, (iv) Norman Goodman, (v) Helen Muller, and (vi) Susanna Rojas are dismissed on the basis of absolute immunity.  The Court orders Plaintiff to show cause why the Court should not dismiss her remaining claims with prejudice.  Plaintiff must file an affirmation within thirty days explaining any reasons why her remaining claims should not be dismissed.  If Plaintiff does not show cause, or if she fails to respond to this order, the Court will dismiss Plaintiff's action with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 9, 2015
             New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

9